IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MAGISTRATE STEVEN BOONE et al**                                      **PLAINTIFFS**

V.                                                   **CIVIL ACTION NO.: 3:21-cv-796-HTW-LGI**

**RICHARD AMUN'RA BEY**                                                **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DISMISSAL OF THIS CASE

BEFORE THIS COURT is the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac **[Docket No. 14]**. In her Report and Recommendation, filed May 17, 2022, Magistrate Judge Isaac recommended Richard Amun'Ra Bey's ("Bey"), *Motion for Leave to Proceed in Forma Pauperis* be denied. Magistrate Judge Isaac directed Bey to file any written objections within fourteen (14) days. On May 24, 2022, Bey filed an Affidavit of Fact objecting to the Magistrate Judge's Report and Recommendation **[Docket No. 15]**. For the reasons stated herein, this Court agrees with Magistrate Judge Isaac's recommendation that Bey's motion to proceed *in forma pauperis* should be denied.

Defendant Bey, acting *pro se*, initiated this civil action wherein it appears he attempted to remove his traffic violations from Clinton Municipal Court to this Court **[Docket No. 1-2]**. In this purported *Notice of Removal*, Bey labeled himself as the Defendant, and Magistrate Steven Boone, Phil Fisher (Mayor), Kevin Roundlett (Prosecutor), Amanda Clark (Clerk), and Rachel Wilson (Executive Director of Mississippi Commission on Judicial Performance) (herein "Municipal Plaintiffs"), as the Plaintiffs. Bey complains the Municipal Plaintiffs used an alternative name or misspelling of his name as an alternative to his preferred name, violating his rights[1] **[Docket No. 1]**. Bey claims $80,000,000.00 in damages. *Id.*

---

[1] Bey seems to base much of his action on what courts have called "'sovereign citizen' theory," an "indisputably meritless legal theory" where proponents "take the position that they are not subject to state or federal statutes and

On December 15, 2021, Bey moved to proceed *in forma pauperis* **[Docket No. 2]**. On May 11, 2022, Magistrate Judge Isaac entered an Order requiring Bey to "file a completed Form AO239 Long Form Application for Leave to Proceed in District Court without Prepaying Fees or Costs or pay the required filing fee of $400.00" **[Docket No. 12]**. On May 15, 2022, Bey filed a long form application to proceed *in forma pauperis*; however, instead of completing the form as required, Bey wrote "N/A" **[Docket No. 13-1]**.

On May 17, 2022, Magistrate Judge Isaac entered her Report and Recommendation **[Docket No. 14]**, recommending this Court deny Bey's *Motion to Proceed in forma pauperis*. Magistrate Judge Isaac noted Bey "declined to provide the financial information necessary for the Court to determine whether [Bey] qualifies for *in forma pauperis* status." *Id.* Magistrate Judge Isaac, thus, recommended that Bey's motion for leave to proceed *in forma pauperis* be denied and Bey be required to pay the filing fee. *Id.*

On May 24, 2022, Bey filed an objection to the Magistrate Judge' report and recommendation. Bey argues, *inter alia*:

> For the Record, On the Record, and Let the Record show, I am a Moorish National Aboriginal, Indigenous Natural Person, and not a nom-de-guerre, straw man or any other artificial corporate construct as written in all CAPITAL LETTERS, by the unclean hands of others. I am Sovereign to this Land and as such, this Administrative Court does not have lawful jurisdiction to hear, present, or pass judgment in any matter concerning my affairs under a quasi-criminal non sanctioned tribunal of foreign private law process. […]
>
> I Affirm, for the Record, I do not have, or possess, any gold or silver coins, as prescribed by United States Constitution Law, which is lawful money, to pay the restricting demands, conditionally commanded by Employees and Contractors of the Court. The said restrictions, that you are imposing, are unconstitutional, and

---

proceedings." *See Barthelemy-Bey v. Louisiana*, No. CV 19-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (collecting cases), *report and recommendation adopted*, No. CV 19-12671, 2019 WL 5425433 (E.D. La. Oct. 23, 2019), *order vacated on reconsideration*, No. CV 19-12671, 2020 WL 703353 (E.D. La. Feb. 12, 2020). Proponents will often, like Bey, refer to themselves as "descendants of the Moorish Empire" and cite a treaty between the United States and the Kingdom of Morocco, in addition to calling government entities and others "corporate entit[ies]." *See, e.g.*, *United States v. Coleman*, 832 F. App'x 876, 878 n.1 (5th Cir. 2020).

> arbitrarily hinders Due Process. Therefore, I submit this Writ "In Forma Pauperis" being an enjoyment and exercise of my unconditional and Constitutionally – Secured Rights (and not a Feudal Law – fee – burdened privilege), to timely and speedily enforce Due Process of Law. […]
>
> Clearly your demand for a "Financial Statement" is used as an instrument to deny due process of Law and my right to free access to the Courts. I introduced an Affidavit of Fact, marked as Evidence. Someone in the Courts *tampered* with that Evidence and misrepresented it as a Motion. A Motion is discretionary and an assumption that permission must be requested to exercise a Constitutionally Secured Right. An exercise of a Right is not a Request, and your office knows this to be "Stare Decisis" and the law of the Land. Tampering with Evidence is a Federal Violation, and a clear corruption of the fiduciary duties of all requiring a "Financial Statement, Financial Fee (Feudal Law)" or a "Motion" to exercise a Constitutional Secured Right. Your demand is a violation of Amendment IX of the United States Constitution and a violation of my Secured Right to Due Process. […]
>
> I "OBJECT" to the Report & Recommendation of the Southern District Court of Mississippi judges, its clerks, its officers, its agents, and the continuation of this court. Tampering with court evidence. Anything done in "Color of Law" is "VOIDED AB INITIO" and repugnant to the organic constitution of Article VI. This Court, its clerks, its officers and its agents doesn't have the authority to render any decision and they're fraudulently impersonating De Jure Government Officials and all parties have "Failed" to produce their "Delegation of Authority" and have "Defaulted" and all evidence has been filed with the court.

**[Docket No. 15]**. Bey provides no legitimate basis to allege this Court committed any fraud, treason, or violations of due process. Nonetheless, this Court has liberally construed Bey's *pro se* filing as an objection to the entire Report and Recommendation, and this Court has conducted a de novo review of same.[2]

Magistrate Judge Isaac's Report and Recommendation is sound and supported, and this Court agrees with and adopts the recommendation to deny Bey's petition to proceed *in forma pauperis*. Based on the insufficient information Bey provided in his application, this Court has insufficient

---

[2] Where a party timely serves and files written objections to a magistrate judge's proposed findings and recommendations, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court conducts such a review by "examin[ing] the record and mak[ing] an independent assessment of the law." *Magee v. Comm'r of Soc. Sec.*, No. 1:12-cv-188-LG-JMR, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013).

information to grant his petition. When Magistrate Judge Isaac generously provided Bey an opportunity to correct his omissions and submit the requisite information to this Court, Bey chose not to do so. Bey has previously done this, and, thus, was aware of his obligations to comply with Court orders and the consequences of failing to do so.

Although this Court agrees with the Magistrate Judge's Report and Recommendation, that Bey's motion to proceed *in forma pauperis* should be denied, this Court declines nevertheless to allow Bey thirty (30) days to pay all costs associated with the filing of this lawsuit. In reaching its conclusion, this Court noticed in Bey's affidavit of fact objecting to the Report and Recommendation, Bey stated, "I am Sovereign to this Land and as such, this Administrative Court does not have lawful jurisdiction to hear, present, or pass judgment in any matter concerning my affairs […]" **[Docket No. 15]**. This statement causes the Court to question whether federal court is the appropriate forum for the commencement of this suit.

This Court, thus, has considered whether it has subject-matter jurisdiction over this action and finds it does not. "Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). As the party that *removed*[3] this dispute, Bey bears the burden of establishing this Court's subject-matter jurisdiction to hear that alleged dispute. *See Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989) ("We begin with the well-settled rule that federal courts are courts of limited jurisdiction, and that parties seeking to invoke the jurisdiction of a federal court have the burden of proving that jurisdiction exists.").

---

[3] Richard Amun'Ra Bey initiated this civil removal action, listing himself as a "defendant," supposedly accused by a variety of "plaintiffs," including officials of the City of Clinton, Mississippi. As described in greater detail herein, this action does not originate from a state civil suit brought by the plaintiffs. The "plaintiffs" also have not yet appeared in this action. This action was not removed pursuant to §§ 1442, 1442a, or 1443; rather, it was filed in federal court and labeled as a Notice of Removal.

Under ordinary circumstances this Court would require Bey to show cause as to why this Court has jurisdiction; however, in this instance that is not necessary. To the extent Bey's objection claims this Court lacks jurisdiction over his dispute, this Court agrees.

Bey is aggrieved over his receipt of municipal traffic tickets in this civil removal action. Bey, though, has not shown that these municipal proceedings fall under any of the categories of civil actions or criminal prosecutions that may be removed to federal court under 28 U.S.C. §§ 1442, 1442a, or 1443. To the contrary, as stated before, Bey insists this court does not have jurisdiction. *See* **[Docket No. 15]** ("This court, its clerks, its officers and its agents doesn't [sic] have the authority to render any decision […]"). This Court finds subject-matter jurisdiction is lacking and removal of this action was improper. Accordingly, this Court holds that dismissal is more appropriate than remand[4].

**IT IS ORDERED** that Bey's motion to proceed *in forma pauperis* **[Docket No. 2]** is **DENIED**. The Magistrate Judge's Report and Recommendation **[Docket No. 14]** is **ADOPTED to the extent that it is consistent with this order**. This Court, though, has determined to dismiss this entire litigation for want of subject-matter jurisdiction. The Clerk's office is instructed to mail a copy of this order, and the accompanying Final Judgment, for notification purposes, to the Clerk of the Clinton Municipal Court, Clinton, Mississippi.

SO ORDERED this the   22nd   day of  November , 2024.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Because of the unusual posture of this case, this Court stresses that its order dismissing this case in no way prejudices the rights, civil or otherwise, of the parties listed as plaintiffs in this matter.